IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| MULLEN INDUSTRIES LLC, | § | |
| Plaintiff, | § | Civil Action No. 7:26-cv-00223 |
| v. | § | |
| META PLATFORMS, INC., | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO EXTEND DEADLINE TO RESPOND TO COMPLAINT AND/OR STAY PROCEEDINGS IN VIEW OF PENDING DISPOSITIVE RULING**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND ......................................................................................................... 1

III. THE COURT SHOULD EXTEND THE RESPONSE DEADLINE AND/OR STAY PROCEEDINGS PENDING ENTRY OF FINAL JUDGMENT IN *MULLEN I*. ............................................................................................................ 3

A. Legal Standard. ........................................................................................... 3

B. The Unique Circumstances Here Justify an Extension and/or Stay Pending Judge Ezra's Entry of Final Judgment in *Mullen I*. ............................................. 4

IV. CONCLUSION ............................................................................................................ 5

## I. INTRODUCTION

This patent case is an improper attempt by non-practicing entity Mullen Industries, LLC ("Mullen") to end-run around an adverse ruling entered in a related case pending before Judge Ezra, in which every asserted claim from the same patents asserted here was invalidated by the Patent Office. *See Mullen Indus. LLC v. Meta Platforms, Inc.*, Civ. A. No. 1:24-cv-00354-DAE, Dkts. 134, 136 (W.D. Tex.) ("*Mullen I*"). Meta Platforms, Inc. ("Meta") has asked Judge Ezra to dismiss that lawsuit *with prejudice*, which would be dispositive of the present suit. Meta therefore respectfully moves to extend its deadline to respond to the original Complaint, or alternatively temporarily stay this action, pending Judge Ezra's decision on the pending request in *Mullen I*. *See Mullen I*, Dkts. 134, 136 (Exs. A, B herewith).

## II. BACKGROUND

Mullen filed *Mullen I* in the Austin division in April 2024, asserting all 10 of the patents that it now asserts in the present case ("*Mullen II*"). *Mullen I*, Dkts. 1, 19. The *Mullen I* case was assigned to Judge Ezra. *Mullen I*, Dkt. 44. On January 29, 2025, Judge Ezra issued an order granting-in-part Meta's motion to dismiss, which dismissed two asserted patents from the case (and those two patents are not asserted here in *Mullen II*). *Mullen I*, Dkt. 64. A few days later, Mullen filed a motion to reassign the case to Judge Albright, which Judge Ezra promptly denied. *See Mullen I*, Dkts. 65, 73.

In *Mullen I,* pursuant to the Court's case management order requiring that Mullen narrow its asserted claims to 60 from among the hundreds it had asserted initially, Mullen selected 60 patent claims to assert. All 60 asserted claims were subsequently invalidated in *inter partes* review ("IPR") before the U.S. Patent Office, Patent Trial and Appeal Board ("PTAB"), after Mullen disclaimed all of the claims asserted in this case following IPR institution. Mullen then brought a motion in *Mullen I* to amend its infringement contentions to assert additional claims

from its 10 patents-in-suit. Magistrate Judge Hightower issued a report and recommendation recommending that the motion be denied, and that final judgment be entered terminating the case. *Mullen I*, Dkt. 134. The report further recommended that final judgment be entered and the invalidated patent claims dismissed "with prejudice," but recommended dismissal "without prejudice" as to the additional non-asserted patent claims. *Id*. at 8. A copy of Magistrate Judge Hightower's report is submitted herewith as **Ex. A**.

Mullen did not object to the Magistrate Judge's report and recommendation. Instead, on June 8, 2026, Mullen filed the present action ("*Mullen II*") asserting the same patents against Meta that it asserted in *Mullen I* and asserting patent claims that Mullen had not selected among its Court-ordered 60 claims for assertion, including claims that it unsuccessfully sought to add to *Mullen I* through its failed motion to amend its infringement contentions. When filing this case, Mullen acknowledged this case was related to *Mullen I*. However, Mullen has not explained why it filed *Mullen II* in the Midland/Odessa division rather than in the Austin division where *Mullen I* has been pending for more than two years before Judge Ezra and Magistrate Judge Hightower. Mullen served the Complaint on June 9, 2026, making Meta's response due June 30, 2026. *See Mullen II*, Dkt. 6.

On June 12, 2026, Meta in *Mullen I* timely filed a narrow Rule 72 objection to the Magistrate Judge's recommendation on procedural grounds. Meta requested that Judge Ezra clarify that Mullen's non-asserted patent claims should be dismissed expressly "with prejudice" to ensure that Mullen would not improperly attempt a do-over in a new lawsuit that is barred by principles of preclusion. *Mullen I*, Dkt. 136. A copy of Meta's objection is submitted herewith as **Ex. B**. An improper do-over is precisely what Mullen is attempting to do here with *Mullen II*.

Given that Mullen did not object to the Magistrate Judge's recommendation in *Mullen I*,

final judgment is expected to be entered in *Mullen I* after Judge Ezra reviews the recommendation and Meta's Rule 72 objection. Meta's request for an explicit "with prejudice" dismissal of all claims, if entered, will eliminate any basis for the present *Mullen II* action to proceed because *Mullen II* would be barred by *res judicata*.

Because the upcoming ruling in *Mullen I* could entirely dispose of *Mullen II*, Meta proposed to Mullen, in the interests of judicial economy for the Court and the parties, that the deadline for Meta to respond to the Complaint in *Mullen II* should be extended until after Judge Ezra enters final judgment in *Mullen I*. Mullen rejected Meta's proposal, and offered only a 30-day extension of time to respond to the Complaint.[1] Meta brings the present motion to ensure that this Court and the parties may account for Judge Ezra's upcoming ruling before moving forward, if at all, with this case.

## III. THE COURT SHOULD EXTEND THE RESPONSE DEADLINE AND/OR STAY PROCEEDINGS PENDING ENTRY OF FINAL JUDGMENT IN *MULLEN I.*

### A. Legal Standard.

The Court has broad discretion to grant extensions of time for good cause shown. Fed. R. Civ. P. 6(b)(1); *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009). The Court also has broad discretion to stay proceedings, including when a pending ruling by another court in a co-pending case may impact the instant case. *E.g.*, *Bilberry v. JPMorgan Chase Bank, N.A.*, No. 1:20-CV-470-RP, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021) (granting stay pending decision in another case); *Rezko v. XBiotech Inc.*, No. A-17-CA-00734-SS, 2017 WL 4544683, at

[1] Mullen's response to Meta's objection in *Mullen I* was due on June 26, but Mullen requested an extension to July 10—to which Meta consented—in view of Mullen's trial against Samsung in the Eastern District of Texas. Magistrate Judge Payne, however, recently recommended invalidating every claim under 35 U.S.C. § 101 and staying that action pending the District Judge's review of the recommendation. *See Mullen Indus. v. Samsung Elecs. Co.*, No. 2:24-CV-00049-JRG-RSP, Dkt. 292 (E.D. Tex. June 23, 2026).

*1 (W.D. Tex. Oct. 6, 2017) (same); *Dwyer v. USAA Sav. Bank*, No. SA–17–CA–252–FB, 2017 WL 7805760, at *1-2 (W.D. Tex. 2017) (same). When considering a stay, the Court considers "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Bilberry*, 2021 WL 536440, *2 (citation omitted).

**B. The Unique Circumstances Here Justify an Extension and/or Stay Pending Judge Ezra's Entry of Final Judgment in *Mullen I*.**

The unique circumstances of this case strongly support an extension of Meta's deadline to respond to the Complaint and/or a stay of proceedings until after Judge Ezra reviews the Magistrate Judge's recommendation in *Mullen I* and enters final judgment. If Judge Ezra sustains Meta's objection and clarifies that Mullen's non-asserted patent claims are dismissed with prejudice, any basis for this action (*Mullen II*) will be eliminated. Accordingly, sound principles of judicial economy favor an extension and/or stay to account for Judge Ezra's ruling. It would make no sense for the parties and Court to forge ahead at this juncture, potentially with a motion to dismiss, when this lawsuit may be eliminated as a matter of law in the coming weeks.

The traditional stay factors also strongly support a stay. First, there is no undue prejudice or tactical disadvantage to Mullen. Mullen is a non-practicing patent assertion entity that does not seek injunctive relief in its Complaint. *See Mullen II*, Dkt. 1. Second, a stay would simplify the issues and potentially eliminate this case entirely. If Judge Ezra sustains Meta's objection, this action will be negated. If the objection is not sustained in full, the parties might still dispute the preclusive effect of *Mullen I* on this follow-on action. Either way, a stay until after Judge Ezra's ruling will necessarily simplify a potentially case-dispositive issue that is currently unresolved. Third, this case is at its infancy, having been filed only a few weeks ago. Nothing has happened.

If Judge Ezra sustains Meta's objection, the case will be over.

## IV. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court issue an order either (1) extending the time for Meta to respond to the Complaint until 21 days after entry of final judgment in *Mullen I*, or alternatively (2) staying this action until 21 days after entry of final judgment in *Mullen I*. A proposed order is submitted herewith.

Dated: June 29, 2026

*/s/ Heidi L. Keefe*
Heidi L. Keefe
Lowell Mead
Dena Chen (*pro hac vice* to be filed)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Email: hkeefe@cooley.com
Email: lmead@cooley.com
Email: dchen@cooley.com

Phillip E. Morton (*pro hac vice* to be filed)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

Paige Arnette Amstutz
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Phone: (512) 495-6300
Fax: (512) 495-6399
Email: pamstutz@scottdoug.com

*Attorneys for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF CONFERENCE**

Counsel for Defendant hereby certifies that counsel for Defendant conferred with counsel for Plaintiff on June 15, June 16, and June 28, about the foregoing Motion, and counsel for Plaintiff indicated that: "Plaintiff is willing to agree to a 30-day extension of time for Meta to move or otherwise respond to the Complaint in the Midland/Odessa Division," but otherwise opposed the relief requested.

*/s/ Heidi L. Keefe*
Heidi L. Keefe

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on June 29, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Heidi L. Keefe*
Heidi L. Keefe